1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAMES RENO, a single person,

Plaintiff,

v.

CITY OF YAKIMA, a governmental
entity, by and through the CITY OF
YAKIMA POLICE DEPARTMENT, a
governmental agency; BRAD
ALTHAUSER AND JANE DOE
ALTHAUSER; Defendants.

NO. 1:22-cv-3183

PLAINTIFF'S COMPLAINT FOR
PERSONAL INJURY AND DAMAGES
**AND JURY DEMAND**

COMES NOW the plaintiff, James Reno, by and through his attorney of record,

Patrick R. West of West Law Firm, P.S., and hereby alleges against the defendants as

follows:

## I. PARTIES

1.1    The plaintiff, James Reno, at all times pertinent hereto was a resident of

Yakima County, Washington, and all acts related to the matter alleged herein occurred

in Yakima County, Washington.

1.2    The defendant, City of Yakima, by and through the City of Yakima Police

Department, was and is a governmental entity and at all times material hereto acted

through the City of Yakima Police Department.

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY
AND DAMAGES **AND JURY DEMAND** - 1

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

1.3    The City of Yakima Police Department employed and trained Brad Althauser as an officer at all times relevant hereto. The acts of misfeasance and malfeasance alleged herein by defendant Althauser were done for and on behalf of himself individually, for and on behalf of his marital community, and for and on behalf of the City of Yakima Police Department.

1.4    The City of Yakima Police Department owned, trained, maintained, utilized, and commissioned a German shepherd K-9 known as "Zorro" at all times relevant hereto.

1.5    At all times herein, the above named defendants, and each of them, acted within the course and scope of their employment.

1.6    At all times mentioned herein, the defendants, and each of them, acted under color of state law.

## II. JURISDICTION AND VENUE

2.1    This action is brought pursuant to 42 U.S.C. § 1983 for violations of the Fourth Amendment to the United States Constitution. The court has jurisdiction over this action under 28 U.S.C. §1331 and 1343.

2.2    The defendants reside in Yakima County, Washington and the facts herein alleged arose in Yakima County, WA. Therefore, venue in the Eastern District of Washington is proper pursuant to 28 U.S.C. §1391(b)(1) and (2).

\

\

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

## III. FACTS

3.1    On or about November 19, 2019, Officer James Sandall of the Moxee Police Department attempted to detain the plaintiff James Reno after he had parked and exited his vehicle in a parking lot adjacent to a local business, Olympic Fruit, located at 2450 Beaudry Road in Moxee, Washington.

3.2    James was walking away from his vehicle when Officer Sandall suddenly told James "stop…go back to your car", and James stopped and asked why he was being arrested. Officer Sandall did not provide a response and instead threatened James and stated: "I am going to fucking taze you dude, get your hands out of your pockets right now". James became frightened, complied, and asked why he was being arrested.

3.3    Officer Sandall told James to "get on the ground" and James complied while repeatedly asking Officer Sandall why he was being arrested. Instead of providing an answer, Officer Sandall observed a knife on James's hip and shouted "I will fucking shoot you if you reach for it."

3.4    James immediately started to fear for his life and became increasingly concerned that Officer Sandall was going to shoot him. He got on the ground and told Officer Sandall to take his knife from him, but Officer Sandall again just stated: "do not reach for it…you are under arrest and do not have a good license."

3.5    James became extremely upset and feared for his life because Officer Sandall had just threatened to kill him. James complied with Officer Sandall's requests and put his hands behind his back, but while Officer Sandall was attempting to handcuff James, he suddenly jumped up and pulled out his gun and pointed it at James.

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

3.6    "I am not going to do anything with the knife!" James cried uncontrollably and pleaded with Officer Sandall to "please stop!" At this point, James believed that Officer Sandall was going to shoot him and he took off his knife and threw it at the feet of Officer Sandall and told him "I'm not a threat". Officer Sandall even indicated in his report that James did not throw the knife at him in an assaultive manner, but continued to keep James at gun point.

3.7    James became increasingly frightened that Officer Sandall was pointing a gun at him and he cried and stated: "please don't do this." James then ran away from Officer Sandall into and out of the building of Olympic Fruit, reentered his vehicle, and drove away. Officer Sandall then followed in a vehicle pursuit.

3.8    During the pursuit, Officer Sandall lost sight of Mr. Reno's vehicle, but ultimately found it stopped on the side of the road at the 1000 block of Birchfield Road and Norman Road. When Officer Sandall approached and looked inside the vehicle, Mr. Reno was no longer there.  Officer Sandall then called for a K-9 unit to track James.

3.9    James had left his vehicle on the side of the road and because he was terrified that the police were going to kill him, walked as far from his vehicle as he could before passing out due to mental and physical exhaustion. He was unarmed.

3.10    Yakima Police Department Officer Brad Althauser and his K-9 "Zorro" later responded to the scene to being a K-9 track of James.

3.11    Officer Althauser stated in his report that James was "armed with a knife", but in fact Officer Sandall had taken possession of James' knife. Also, James did not

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY
AND DAMAGES AND JURY DEMAND - 4

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

1    display any violent behavior to Officer Sandall when the officer attempted arrest him

2    for driving without a valid license.

3        3.12    A number of additional police officers arrived on the scene to assist the K-

4    9 track of James. This included, but is not limited to police officers and deputies from

5    the Yakima Police Department and Yakima County Sheriff's Office.

6        3.13    The K-9 deployment took approximately half an hour, but ultimately

7    Officer Althauser and K-9 Zorro found James on the side of a driveway underneath

8    "three-foot-tall bushes" with his face on the ground and motionless. A number of

9    officers surrounded James at that point, but none of the officers attempted to move up

10    and arrest James. Instead, Officer Althauser gave K-9 Zorro a command to bite James.

11        3.14    After Officer Althauser gave K-9 Zorro the bite command, the K-9 actually

12     

13    failed to respond to the command and went near James, but returned to the officer

14    without biting him. Officer Althasuer then gave K-9 Zorro another bite command and

15    that is when Zorro bit James on the right calf.

16        3.15    James did not hear any K-9 warning prior to the attack. He was passed out

17    and none of the officers present approached him and attempted to wake him up. Instead,

18    he woke with K-9 Zorro biting his right leg. James jumped up and screamed and

19    reflexively tried to push K-9 Zorro away from his leg, but then Officer Althauser

20    punched James in his face – actually breaking his hand – and then grabbed James' arms

21    and forced him to the ground. The assisting officers also helped to subdue James by

22     

23    holding his arms. He was fully under the officers' control and could not move.

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY
AND DAMAGES **AND JURY DEMAND** - 5

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

1   3.16   James then cried and pleaded with the officers to get the K-9 off of him, but

2   Officer Althauser told James he couldn't get K-9 Zorro off of James' leg because of the

3   bushes. Officer Althauser then requested James to get out of the bushes in order for him

4   to release K-9 Zorro, but James of course was subdued by the police officers and

5   couldn't move. James cried and pleaded with Officer Althauser and eventually the

6   officers dragged James out of the bushes while K-9 Zorro was still biting James' right

7   leg. Officer Althauser admitted that he was only able to get K-9 Zorro off of James' leg

8   after Zorro was out of the bushes, but the K-9 had caused severe damage from the

9   continuous and repetitive biting. Below are photographs of James's right leg following

10  K-9 Zorro's repeated attacks that Officer Althauser was unable to stop:

11

12

13

14



15

16

17

18

19

20

21

22

23

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY
AND DAMAGES AND JURY DEMAND - 6

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16



17    3.17    Officer Althauser had been an active K-9 handler for the City of Yakima

18 Police Department for only several months prior to the incident involving James Reno.

19 The City of Yakima Police Department was responsible for hiring, supervising, training,

20 and retaining Officer Althauser and K-9 Zorro as a K-9 unit and failed to properly

21 supervise, train, or otherwise sufficiently the K-9 unit on proper use and K-9

22 deployment techniques. Officer Althauser was unable to properly warn James Reno of

23

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY
AND DAMAGES **AND JURY DEMAND** - 7

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

the K-9 deployment, deploy K-9 Zorro, properly control K-9 Zorro with verbal commands after deployment, resulting in serious injury to James.

3.18 The City of Yakima Police Department was also aware of and ratified improper K-9 deployments and adopted these improper K-9 deployments as a policy and/or custom that resulted in injury to citizens, including James Reno.

3.19 As a result of the City of Yakima Police Department's failures, including but not limited its failure to properly supervise, train, or otherwise assist Officer Althauser in the proper use and deployment of K-9 Zorro, the plaintiff suffered severe trauma and permanent injuries to his leg.

## IV. FIRST CAUSE OF ACTION -NEGLIGENCE

5.1 Plaintiff realleges and hereby incorporates each and every allegation set forth above.

5.2 The City of Yakima, acting by and through the City of Yakima Police Department, and its officers in their official capacities, as a matter of policy, custom, or practice, negligently hired, supervised, trained, and otherwise failed to control Officer Althauser and K-9 Zorro, proximately causing injury to the plaintiff.

5.4 Defendant Brad Althauser, acting within the scope of his employment with the City of Yakima Police Department, negligently deployed and utilized K-9 Zorro, and/or violated the policies and procedures of the City of Yakima Police Department, in addition to state and federal laws/regulations, proximately causing injury to the plaintiff.

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY
AND DAMAGES AND JURY DEMAND - 8

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

## V. SECOND CAUSE OF ACTION – CIVIL RIGHTS VIOLATIONS

6.1     Plaintiff realleges and hereby incorporates each and every allegation set forth above.

6.2     At all times material hereto, defendants were acting under color of state law.

6.3     At all times material hereto, plaintiff had constitutionally protected liberty interests in life, personal security, bodily integrity, being free from harmful physical contact or emotional injury, freedom on travel, and had constitutionally protected rights to equal protection, as well as procedural and substantive due process of law.

6.4     The defendant City of Yakima, acting by and through the Yakima Police Department and its officers in their official capacities, as a matter of policy, custom, or practice: a) failed to adequately train its officers in the limits the constitution places on the use of police dogs, or alternatively, failed to communicate its policy regarding constitutional use of police dogs to its police officers; b) failed to adequately supervise its defendant officers with respect to such officers' constitutional deprivations; and c) failed to address these failures despite being informed of such policy and customs resulting in innocent citizens being attacked in the same or similar fashion.

6.5     K-9 Zorro continuously bit and mauled plaintiff James Reno after James had given himself up and was in the control of multiple police officers. And although Officer Althauser intended K-9 Zorro to initially bite and hold James, he was unable to get him to stop, even after James had been apprehended and was no longer a threat and was pleading for the dog to stop biting his leg.

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

6.6    Defendant City of Yakima Police Department ratified Of bite and hold techniques and training of K-9 units in an excessive manner and created a policy and practice that led to the deprivation of the plaintiff James Reno's civil rights as related herein.

6.8    The actions of Officer Althauser and K9 Zorro were reckless and/or made with deliberate indifference and were unreasonable in nature and constituted use of excessive force in violation of the 4th Amendments of the United State Constitution and 42 U.S.C. §1983.

## VI.    DAMAGES

7.1    Plaintiff reallages and hereby incorporates each and every allegation set forth above.

7.2    As a direct and proximate result of defendants' negligence and civil rights violations referenced above, plaintiff incurred past and future medical expenses, past and future income loss, permanent disability, impaired earning capacity, general damages for pain and suffering, loss of enjoyment of life and other damages, all in amounts to be proven at the time of trial.

WHEREFORE, plaintiff prays for judgment against the defendants, and each of them, and their marital community, for damages as alleged, plus costs, and reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and as otherwise authorized by statute or law, and for such other and further relief as the court deems just and proper.

Plaintiff further demands a jury trial on this matter.

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY
AND DAMAGES AND JURY DEMAND - 10

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

1   DATED this ___18___ day of November, 2022.

2                                   WEST LAW FIRM, P.S.

3                           By: _____

4                                   Patrick R. West, WSBA #41949
                                    Attorneys for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY
AND DAMAGES **AND JURY DEMAND** - 11

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704